JUSTICE LEAPHART,
specially concurring.
¶40 I concur in the Court’s reversing the summary judgment under issues number two and three since there exists a question of fact as to whether the parties entered into an enforceable oral agreement altering the terms of the logging contract. I disagree, however, with the Court’s holding on issue number one; that is, whether there was an ambiguity as to when the logging contract commenced.
¶41 Bernhard contended, and the Court agrees, that the contract provided that: “[t]he contract shall extend for a period of eighteen months ...” and that this language clearly meant that the term commenced upon signing. Doble, on the other hand, focused on the contract language that “considerable progress must be made on the contract by 60 days after approval by FSLIC as time is of the essence.” As Doble points out, the contract further provides “Contractor shall begin logging within thirty (30) days from the date of approval of FSLIC unless otherwise agreed to by the parties.” Based upon these two provisions which reference FSLIC approval, Doble asserts that there was an ambiguity as to whether the term commenced upon signing (December 1987) or upon FSLIC approval (summer of 1988).
*93 ¶42 Whether an ambiguity exists is a question of law for the court to decide. Carelli v. Hall (1996), 279 Mont. 202, 209, 926 P.2d 756, 761. The Court holds that the specified term of 18 months “clearly and unambiguously establishes that the contract took effect when signed by the parties on December 31, 1987, and was to extend for a period of eighteen months.” I disagree. I find it incongruous to hold, as does the Court, that the contract term commenced some 6 months before Doble received FSLIC approval to begin logging. When the contract required Doble to begin logging within 30 days of FSLIC approval, FSLIC approval was the event which would trigger commencement of the 18-month term.
¶43 In any event, despite my view that commencement of the term was clearly tied to FSLIC approval, the most that can be said of the contract is that it is reasonably subject to two different interpretations. That being the case, an ambiguity exists, see Wray v. State Comp. Ins. Fund (1994), 266 Mont. 219, 223, 879 P.2d 725, 727, and the court erred in entering summary judgment. Accordingly, I would reverse on the first as well and the second and third issues.